UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES D. GREEN,

        Plaintiff,

        v.                                         Case No. 25-cv-0609-bhl

CHAPLAIN COLE,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff James Green, who is currently serving a state prison sentence at the Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Green's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Green has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Green has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $43.66. Green's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Green, about twenty years ago, in the summer of 2005, Defendant Chaplain Cole sexually assaulted him two times while Green was a juvenile resident at the Ethan Allen School for Boys, which was operated by the Wisconsin Department of Corrections before it closed in about 2012. Green asserts that, after being released from juvenile care in 2008, he diligently sought to recover his file from the school in an effort to obtain proof to support a claim against Chaplain Cole. He states that the school gave him the runaround and that, after the school closed, he lost the ability to obtain "vital information to prove [his] claims existed." Dkt. No. 1 at 4. Green explains that he only recently learned that he could pursue a claim under §1983 even though he did not have the proof he had hoped to obtain from the school.

## THE COURT'S ANALYSIS

While Green's allegations of what happened to him about twenty years ago are terrible, any claim based on those allegations is barred by the relevant statute of limitations. *See Sellers v. Milwaukee Cty.*, No. 22-3151, 2025 WL 958258, at *1 (7th Cir. March 31, 2025) (explaining that dismissal is appropriate "if the allegations in the complaint make the statute of limitations an impenetrable bar to recovery"). "In actions filed pursuant to 42 U.S.C. § 1983, courts look to the statute of limitations for personal injury in the state where the injury occurred." *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). In Wisconsin, the statute of limitations for causes of action accruing before April 5, 2018 is six years. *See Howard v. Ashworth*, No. 20-cv-1850-pp, 2022 WL 1810715, n. 1 (E.D. Wis. June 2, 2022) (citing Wis. Stat. §893.53). A cause of action accrues

3

when a plaintiff knows or should know that his constitutional rights have been violated. *Savory*, 469 F.3d at 672.

While Green concedes that he immediately knew that he had been injured, he argues that he did not know he could pursue a claim under §1983 until only recently. But the Seventh Circuit has recently explained that such an argument misses the mark. *See Sellers*, 2025 WL 958258, at *2. "Whether [the plaintiff] knew of a particular legal principle when his injury occurred does not affect accrual; only [the plaintiff's] knowledge of his injury . . . matters." *Id.* (citing *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018)). And equitable tolling will apply only if a plaintiff's failure to meet the filing deadline was out of his control. *Id.*

Here, Green's injury occurred in 2005, and he has been an adult since 2008, which means that his cause of action accrued more than a decade ago. The mere fact that Green incorrectly believed he needed "proof" to corroborate his story is insufficient to delay the accrual of his cause of action. And, although Green explains that his efforts to get his file from the now-closed school were thwarted, his failure to meet the filing deadline was not a result of the school's refusal to provide him with the requested file. Indeed, Green concedes that he now understands that he was free to bring his claim immediately, with or without whatever information may have been maintained by the school. Equitable tolling therefore cannot save his belated claim because his failure to meet the filing deadline was not out of his control.

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where the amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). Green thoroughly argues why he believes the statute of limitations does not bar his claim, so it would be futile to allow Green to file an amended complaint.

**IT IS THEREFORE ORDERED** that Green's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** because Green's claim is barred by the statute of limitations.

**IT IS FURTHER ORDERED** that the agency having custody of Green shall collect from his institution trust account the $306.34 balance of the filing fee by collecting monthly payments from Green's prison trust account in an amount equal to 20% of the preceding month's income credited to Green's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Green is transferred to another institution, the transferring institution shall forward a copy of this Order along with Green's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on May 20, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

6

Case 2:25-cv-00609-BHL    Filed 05/20/25    Page 6 of 6    Document 7